UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**ABETH HASHIMI,**

                    **Plaintiff,**　　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**

          -against-　　　　　　　　　　　**20-CV-1073 (DG)**

**CLMO, LLC, et al.,**

                    **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On February 27, 2020, plaintiff Abeth Hashimi commenced this action against defendants CLMO, LLC and Milo Café, Corp. ("defendants"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq*. See Complaint ("Compl.") ¶ 1, Electronic Case Filing Docket Entry ("DE") #1. Plaintiff seeks injunctive relief and an award of attorneys' fees and costs.

Currently pending before this Court, on a referral from the Honorable Diane Gujarati, is plaintiff's motion for default judgment against both defendants. See Motion for Default Judgment (Jan. 5, 2021) ("Pl. Mot."), DE #10. For the reasons set forth below, the Court recommends that plaintiff's motion be granted in substantial part, to the extent described herein.

## BACKGROUND

Plaintiff suffers from a congenital neuromuscular disorder, which is characterized as a defect in the cell structure of voluntary muscles. See Compl. ¶ 2. As a result, he is constrained to ambulate in a wheelchair. See id. Plaintiff resides in Flushing, Queens, and

prior to filing this action, he visited Tru Astoria, an establishment located at 35-19 Ditmars Blvd, Astoria, New York 11105, which is operated by defendant Milo Café Corp. at premises owned by CLMO LLC. See id. ¶¶ 2-4. Plaintiff alleges that he was unable to access the main entrance to the premises because there was a step and no ramp, and insufficient clearance, along with other barriers to each of the two remaining entrances, rendering all of the entrances inaccessible. See id. ¶¶ 12(I)-12(VI); see also Declaration of Abeth Hashimi (Feb. 16, 2021) ("Hashimi Decl.") ¶ 5(a), DE #13. He further alleges that the dining tables were inaccessible to him because of a lack of knee clearance, and the bar was inaccessible due to its height and lack of knee clearance. See Compl. ¶¶ 12(VII)-12(IX); see also Hashimi Decl. ¶¶ 5(b)-5(d). In addition, there was an absence of signage identifying accessible restrooms; and neither of the two restrooms was accessible, due to inadequate door clearance, the inward swing of the door, and the lack of turning space, grab bars, accessible flush control, accessible soap dispensers and clear width. See Compl. ¶¶ 12(X)-12(XXI); see also Hashimi Decl. ¶¶ 5(e)-5(f).

On March 17, 2020, plaintiff effected service on the corporate defendants through the New York Secretary of State. See Summons Returned Executed (July 29, 2020), DE #6; Summons Returned Executed (July 29, 2020), DE #7. Plaintiff also mailed the summons and Complaint to defendants directly. See Declaration of Maria Costanza Barducci (Feb. 16, 2021) ("Barducci Decl.") at ¶ 1, DE #14. Prior to moving for default judgment, counsel made several attempts to reach defendants by letter and telephone. See id. ¶ 2. In addition, counsel mailed plaintiff's request for entry of default and the motion for default judgment to defendants. See id. Defendants have not answered or otherwise responded to the Complaint.

## DISCUSSION

**I.     Applicable Legal Standard - Default Judgment**

After the Clerk of the District Court enters a Certificate of Default, the District Court may, on a plaintiff's application, enter a default judgment where a defendant "has failed to plead or otherwise defend" an action. See Fed R. Civ. P. 55(a), (b); see also S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(b). A defendant's default constitutes an admission of all well-pleaded factual allegations in the complaint except those relating to damages or injunctive relief. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); S.E.C. v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975) (in connection with a motion for default judgment, court must make an independent determination of damages, and there is "no reason why a similar requirement should not be applicable to the granting of an injunction"); Chavez v. 25 Jay St. LLC, 20-CV-845 (AMD)(PK), 2021 WL 982865, at *2 (E.D.N.Y. Feb. 24, 2021), adopted, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021). In addition, a pleading's legal conclusions are not assumed to be true, and, on a motion for default judgment, the factual allegations in the complaint must themselves be sufficient to establish a right to relief. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (district court is "required to determine whether the [plaintiff's] allegations establish [defendant's] liability as a matter of law"); Chen v. JP Standard Constr. Corp., No. 14-CV-1086 (MKB), 2016 WL 2909966, at *4 (E.D.N.Y. Mar. 18, 2016), adopted, 2016 WL 2758272 (E.D.N.Y. May 12, 2016).

It is within a court's discretion to determine whether the plaintiff's burden has been met, and whether or not to hold an evidentiary hearing. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53-54 (2d Cir. 1993); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991); Fed. R. Civ. P. 55(b)(2). The moving party is entitled to all reasonable inferences from the evidence it offers. See Romanowicz, 577 F.3d at 84; Au Bon Pain, 653 F.2d at 65.

## II.  Liability

This Court concludes that plaintiff has established defendants' liability under Title III of the ADA. The applicable section of the statute provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under this provision, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008).

### A.  Disabled

The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [the purportedly disabled] individual[.]" 42 U.S.C. § 12102(1)(A). Here, plaintiff adequately alleges that, as a result of his congenital neuromuscular condition, he is "bound to ambulate in

a wheelchair." Compl. ¶ 2. Thus, plaintiff is a disabled individual for the purposes of the ADA, as he is substantially limited in the major life activity of walking. See 42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, . . . walking[.]"); 29 C.F.R. § 1630.2(i)(1)(i) (same).

B. Public Accommodation

Next, the ADA defines a public accommodation to include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment[.]" 42 U.S.C. § 12181(7)(E). Here, while plaintiff only vaguely describes the subject premises as a "public accommodation and service establishment," Compl. ¶ 5, this Court infers from plaintiff's allegations that the referenced establishment is a restaurant. See id. ¶ 12 (referring to dining tables and bar); see also Hashimi Decl. ¶ 4 (Tru Astoria "is a restaurant"). Plaintiff further alleges that the restaurant is operated by defendant Milo Café, Corp. and that the real property is owned by CLMO, LLC. See Compl. ¶¶ 3-4. Accordingly, the restaurant falls within the scope of the ADA, and defendants are subject to the ADA's prohibition of "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public. 42 U.S.C. § 12182(a).

C. Discrimination

The ADA defines discrimination to include "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv); see Roberts, 542 F.3d at 367. Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Plaintiff alleges, and the Court accepts as true, that

defendants have failed to remove architectural barriers where such removal is readily achievable and would not impose an undue hardship on defendant. See Compl. ¶¶ 11, 12, 14.

Further, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." Harty v. Spring Valley Marketplace LLC, 15-CV-8190 (NSR), 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted); see Grinblat v. Apna Food & Oil Corp., 19 CV 6746 (EK)(LB), 2020 WL 7481508, at *4-5 (E.D.N.Y. Aug. 26, 2020), adopted, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020); Shariff v. Beach 90th St. Realty Corp., No. 11–cv–2551 (ENV)(LB), 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013). Here, plaintiff alleges that he had difficulties accessing the restaurant due to multiple architectural barriers to accessibility, discussed above, in violation of the provisions of the ADAAG. See Compl. ¶¶ 11-12; see also *supra* p. 2. The allegations in the Complaint thus establish defendants' ADA liability.

## III. Injunctive Relief

### A. Standing

It is well established that standing is an "irreducible constitutional minimum[.]" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "Thus, even though defendant[s] ha[ve] not appeared in this action and ha[ve] not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing." Beach 90th St. Realty Corp., 2013 WL 6835157, at *2; see Ross v. Royal Pizza Cafe Corp., 17 CV 6294 (FB) (RML), 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018). To invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must

satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation." Brown v. Mermaid Plaza Assocs. LLC., 13-cv-00760 (AMD) (CLP), 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)). In ADA cases, "'a "broad view of constitutional standing" is appropriate because "private enforcement suits are the primary method of obtaining compliance with the Act."'" Mermaid Plaza Assocs., 2018 WL 2722454, at *6 (quoting Spring Valley Marketplace, 2017 WL 108062, at *6).

In ADA suits seeking injunctive relief to remedy lack of access to a public accommodation, courts have found standing where:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location.

Bernstein v. City of New York, 621 F.App'x 56, 57 (2d Cir. 2015) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)) (brackets added in Bernstein); see Harty v. Simon Prop. Grp., L.P., 428 F.App'x 69, 71 (2d Cir. 2011) (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)). "'Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at [restaurants or] stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access.'" Royal Pizza Cafe, 2018 WL 6313208, at *2 (quoting Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower, No. 01 CV 5518, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003)); see Chavez v. L2 Liu Inc., 20 CV 1388 (ENV)(LB), 2021 WL 1146561, at *3-4

(E.D.N.Y. Feb. 26, 2021), adopted as modified, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021).

Here, the information provided in plaintiff's declaration, combined with the allegations in his Complaint, is sufficient, albeit barely so, to establish his standing to seek injunctive relief under Title III of the ADA. He visited the restaurant prior to filing suit and encountered barriers to access.[1] See Compl. ¶ 9; Hashimi Decl. ¶¶ 4-5. Plaintiff represents that he intends to visit the restaurant in the "near future" to utilize its goods and services, but will continue to experience serious difficulty in doing so until the architectural barriers are removed. See Compl. ¶ 10; Hashimi Decl. ¶ 6. Given the number and nature of the barriers described by plaintiff, it is reasonable to infer that, absent a court order requiring remediation, the barriers will remain. Plaintiff alleges that he resides in Flushing, Queens, and the subject restaurant is located in Astoria, Queens. See Compl. ¶¶ 2-4. Although plaintiff resides in a different neighborhood than the location of the restaurant, they are in sufficiently close proximity that it is reasonable to infer that plaintiff intends to return to that location. These allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA. See Simon Prop. Grp., 428 F.App'x at 71 (finding that plaintiff's stated future intention to return to a mall in the area where his family lived was sufficient to establish ADA standing); L2 Liu Inc., 2021 WL 1146561, at *4 (finding that it was "reasonably plausible that plaintiff has an intent to return to the Website and the Hotel" while "question[ing] why plaintiff would

---

[1] A plaintiff "need not personally encounter each ADA violation within the [property] in order to seek its removal," and "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." Kreisler, 731 F.3d at 188, 189.

want to stay in a hotel so close to his home"); Apna Food & Oil Corp., 2020 WL 7481508, at *3-4 (finding ADA standing where plaintiff offered only a "boilerplate recitation" and no "specific plans to return"); Royal Pizza Cafe, 2018 WL 6313208, at *2-3.

  B.  Injunction

As discussed above, plaintiff's allegations, which are assumed to be true due to defendants' default, establish defendants' liability pursuant to section 12182(b)(2)(A)(iv). The ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities[.]" 42 U.S.C. § 12188(a)(2). Having reviewed plaintiff's proposed order, see [Proposed] Default Final Judgment (Jan. 5, 2021) ("Proposed Judgment"), DE #10-1, the nature of the violations claimed by plaintiff, the nature of the relief required to afford redress, and the common practice in this District for awarding injunctive relief in ADA cases, the Court recommends the issuance of an injunction requiring defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint, and to provide plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation. See, e.g., Apna Food & Oil Corp., 2020 WL 7481508, at *6; O'Rourke v. Drunken Chicken in NY Corp., 19-CV-3942 (NGG) (SMG), 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020); Royal Pizza Cafe, 2018 WL 6313208, at *4; Taylor v. 312 Grand St. LLC, 15 Civ. 5410 (BMC), 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016); Beach 90th St. Realty Corp., 2013 WL 6835157, at *5; accord Cox v. Anjin LLC, Civil Action No. 19 Civ. 4315 (GBD) (SLC), 2020 WL 5027864, at *7 (S.D.N.Y. July 24, 2020). The Court further

recommends that the injunction afford plaintiff 30 days to file a motion seeking relief on the basis that defendants' proposed architectural plans are inadequate to remedy the ADAAG violations specified in the Complaint. See Drunken Chicken in NY, 2020 WL 4013187, at *5. Finally, the Court recommends that the injunction require defendants to implement the architectural plans and remedy the violations within 60 days of either plaintiff's agreement or a ruling by the Court that the plans are adequate. See id. To the extent that plaintiff requests that the premises be closed to the general public pending the remediation of the subject violations, see Proposed Judgment at 8, that request should be denied, see 312 Grand St., 2016 WL 1122027, at *4.

## IV. Attorneys' Fees

A prevailing plaintiff in an ADA case is entitled to recover reasonable attorneys' fees and costs. See 42 U.S.C. § 12205. In his original motion for default judgment, plaintiff requested that he be permitted to file a motion for attorneys' fees within 120 days of entry of judgment. See Pl. Mot. at 11. By Order dated February 2, 2021, this Court directed plaintiff to file his application for an award of attorneys' fees now, rather than deferring the issue. See Order (Feb. 2, 2021), DE #12. Plaintiff thereafter sought fees and costs totaling $8,467.70. See Barducci Decl. ¶ 6; Statement of Costs and Attorney's Fees (Feb. 16, 2021) ("Billing Records"), DE #14-1.

Plaintiff bears the burden of proving the reasonableness of the fees sought. See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999). In considering an application for attorneys' fees, the Court must first determine the presumptively reasonable fee. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183-84 (2d

Cir. 2008). This presumptively reasonable fee - or lodestar - is essentially "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quoting Arbor Hill, 493 F.3d 110, 112, 118 (2d Cir. 2007)).

The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. See Arbor Hill, 522 F.3d at 186 n.3, 190. Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See id. at 190.

Plaintiff seeks to recover for attorneys' fees incurred in this matter at the rate of $450 per hour for legal work and $250 per hour for administrative tasks. See Billing Records. In a fee application, the "burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Plaintiff's submission fails to identify the attorney who conducted the work in this case. Assuming that the work was performed by counsel of record Maria Costanza Barducci, plaintiff has not submitted any information regarding her background and experience to justify an hourly rate of $450 per hour. See Cruz v. Local Union No. 3 of Int'l Broth. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994); Flores v. Mamma Lombardi's of Holbrook,

11

Inc., 104 F.Supp.3d 290, 305 (E.D.N.Y. 2015) ("biographical information concerning the attorneys for whom charges were submitted [ ] is required to evaluate experience levels"). Nor has plaintiff made any effort whatsoever to justify the requested billing rates. Indeed, the $450 per hour rate is significantly higher than that which is typically awarded in this District on a default judgment for legal work performed in a "non-complex" ADA case. See, e.g., 25 Jay St. LLC, 2021 WL 982865, at *8-9 (in default judgment context, recommending a fee award of $300 per hour for attorney admitted in 1985); Grinblat v. H & 6 Assocs. Inc., 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending $300 hourly rate for counsel with 19 years of ADA-litigation experience), adopted, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020). Similarly, $250 per hour is an unreasonable rate for administrative tasks. See H & 6 Assocs., 2020 WL 7000347, at *3 (recommending $75 per hour for administrative work).

Further, in the absence of any supporting documentation or receipts concerning the costs incurred, the Court declines to recommend an award of costs at this time. See Feltzin v. Union Mall LLC, 393 F.Supp.3d 204, 219-20 (E.D.N.Y. 2019) (collecting cases).

Given the deficiencies in plaintiff's application for fees and costs, the Court recommends denying plaintiff's request with leave to refile (with proper evidentiary support) within six months, upon demonstrating reasonable efforts to enforce the injunctive relief recommended herein. See Apna Food & Oil Corp., 2020 WL 7481508, at *7 & n.9 (discussing concerns expressed by "courts across the country . . . about serial ADA litigation used to extract attorneys' fees from defendants"); 312 Grand St. LLC, 2016 WL 1122027, at *6 ("[I]t is incumbent upon counsel to actually make some effort to achieve something in this

case besides obtaining a piece of paper (the judgment) that may amount to nothing more than a justification for an award of attorneys' fees. . . . [The Court is] deferring the issue of fees until such time as plaintiff can demonstrate that he has made a reasonable effort to obtain compliance with the injunction."); see also Drunken Chicken in NY, 2020 WL 4013187, at *1, *5 (adopting recommendation to deny without prejudice plaintiff's request for fees and costs because counsel "failed to provide any documentation").

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court grant in part and deny in part plaintiff's motion for default judgment as follows: (1) defendants be found liable under the ADA; (2) an injunction issue requiring defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint, and to provide plaintiff's counsel with those plans within 60 days of any order adopting this Report and Recommendation; (3) plaintiff's request for an award of attorneys' fees and costs under the ADA be denied without prejudice, with leave to submit an appropriate supplemental sworn statement and receipts regarding the costs incurred.

Any objection to the recommendations contained herein must be filed with Judge Gujarati by August 5, 2021. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is requested to send copies of this Report and Recommendation to:

CLMO, LLC
Attn: Frances Mazurco
70-41 45th Avenue
Woodside, NY 11377

and

MILO CAFÉ, CORP.
Attn: Michael Miltiadou
35-19 Ditmars Blvd.
Astoria, NY 11105

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
               **July 19, 2021**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**