```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Abeth Hashimi,

                Plaintiff,
                                                                    MEMORANDUM & ORDER
       -against-                                                    20-CV-01073 (DG) (RLM)

CLMO, LLC; Milo Café, Corp.,

                Defendants.
---------------------------------------------------------------X
```

DIANE GUJARATI, United States District Judge:

On February 27, 2020, Plaintiff Abeth Hashimi brought this action against Defendants CLMO, LLC and Milo Café, Corp. (together, "Defendants"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*, and seeking injunctive relief and an award of attorneys' fees and costs. *See* Complaint, ECF No. 1. Defendants were served but did not appear in this action, *see* Executed Summonses, ECF Nos. 6-7, and the Clerk of Court entered default against them on August 4, 2020, *see* Entry of Default, ECF No. 9.

On January 5, 2021, Plaintiff moved for entry of default judgment against Defendants under Federal Rule of Civil Procedure 55(b) and for leave to file reasonable attorneys' fees under 42 U.S.C. § 12205. *See* Motion for Default Judgment (the "Motion"), ECF No. 10. I referred the Motion to Magistrate Judge Roanne L. Mann for a Report and Recommendation ("R&R"). *See* Jan. 7, 2021 Order. On February 2, 2021, Judge Mann directed Plaintiff to file supplemental submissions that address standing, that provide evidence regarding specific violations at the premises based on a personal inspection, and that include his application for attorneys' fees and costs. *See* ECF No. 12. Plaintiff filed such submissions on February 16, 2021. *See* ECF Nos. 13-14.

On July 19, 2021, Judge Mann issued a thorough and well-reasoned R&R recommending that I grant in part and deny in part Plaintiff's Motion. *See* R&R, ECF No. 15. No objection has been filed to the R&R, and the time for doing so has passed. *See id.* at 13.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). To accept those portions of an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted). Clear error will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks omitted).

I have reviewed Judge Mann's R&R and, having found no clear error, adopt the R&R in its entirety.

Accordingly, Plaintiff's Motion for Default Judgment is granted in part and denied in part as set forth in Judge Mann's R&R.

The Clerk of Court is directed to enter judgment accordingly.

Plaintiff is directed to serve a copy of this Order on Defendants.

SO ORDERED.

                                                       */s/ Diane Gujarati*
                                                       DIANE GUJARATI
                                                       United States District Judge

Dated: August 6, 2021
       Brooklyn, New York